UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIANE SALIGA,                    :
                                 :
        Plaintiff,               :
                                 :
        v.                       :    CASE NO.  3:12cv832(RNC)
                                 :
CHEMTURA CORPORATION,            :
                                 :
        Defendant.               :

RULING ON PLAINTIFF'S MOTIONS

The plaintiff brings this action against her former employer alleging that she was discriminated against, retaliated against and terminated on account of her race (white), gender (female) and religion ("Catholic/Christian").  Pending before the court are the plaintiff's "motion for court approval to conduct *ex parte* interviews" (doc. #48) and motion to compel (doc. #77).

A.   Motion for court approval to conduct ex parte interviews (Doc. #48)

The plaintiff seeks to conduct *ex parte* interviews with four of the defendant's former employees: Jogita Khilnani, former Vice President of Internal Audit; Susan Mullen, former Director of Human Resources; Christine Peterson, a former human resources employee and Denise Mosher, a former internal audit director.

Rule 4.2 of the Connecticut Rules of Professional Conduct prohibits an attorney representing a client from communicating about the subject of the representation with an adverse party represented by another lawyer without the consent of that other lawyer.  In Dubois v. Gradco Sys., Inc., 136 F.R.D. 341 (D. Conn.

1991), then District Judge José A. Cabranes determined that Rule 4.2 does not prohibit *ex parte* communications by opposing counsel with a former employee of a corporate party, with the following exception:

> [s]ome former employees continue to personify the organization even after they have terminated their employment relationship. An example would be a managerial level employee involved in the underlying transaction, who is also conferring with the organization's lawyer in marshalling the evidence on its behalf. But the rationale is a different one. This kind of former employee is undoubtedly privy to privileged information, including work product, and an opposing lawyer is not entitled to reap a harvest of such information without a valid waiver by the organization, or according to narrow exceptions in the discovery . . . which permitted *ex parte* interviews of former employees unless they remained members of the 'control group' (such as non-employee directors).

Dubois v. Gradco Sys., Inc., 136 F.R.D. 341, 346 (D. Conn. 1991).

The defendant contends that former Vice President Jogita Khilnani ("Khilnani") and former Human Resources Director Susan Mullen ("Mullen") fall into this category and, as a result, the defendant objects to the plaintiff's request to interview them. The defendant argues that Khilnani and Mullen were high level employees who had multiple communications with counsel regarding the litigation. In support, the defendant submits a privilege log and affidavit which documents the witnesses's considerable involvement with counsel regarding this litigation. Because of Khilnani and Mullen's extensive exposure to privileged communications and access to litigation strategy, defendant

contends, the court should deny the plaintiff's motion as to these two individuals.  Upon careful review, the court agrees that these witnesses should not be subject to *ex parte* interviews. Accordingly, the plaintiff's motion as to Khilnani and Mullen is denied.  See <u>Weber v. Fujifilm Medical Systems, U.S.A.</u>, No. 3:10CV401(JBA)(JGM), 2010 WL 2836720, at *4 (D. Conn. July 19, 2010)(certain former employees were "off limits" to *ex parte* interviews by plaintiff's counsel because they were former high level employees privy to privileged and proprietary information and have the ability to bind the company).

The plaintiff also seeks leave from the court to conduct *ex parte* interviews with former human resource employee Christine Peterson ("Peterson") and former internal audit director Denise Mosher ("Mosher").  The defendant does not object to interviews with these individuals but requests that certain conditions be imposed as was done in <u>Weber</u>, 2010 WL 2836720, at *4.[1]  In addition

_____

[1]The <u>Weber</u> court imposed the following conditions:

(1) Plaintiff's counsel shall notify any or all of the eight remaining former employees, in writing, of the nature of her role in this lawsuit, including the identity of plaintiff and the fact that their former employers are adverse parties;

(2) Within twenty-four hours of sending any letter(s) pursuant to ¶1 supra, plaintiff's counsel will notify defense counsel, in writing, of the fact that she has sent such letter(s);

(3) Defendants are free to educate their former employees on the details of which prior communications are

to the conditions in <u>Weber</u>, which the defendant has set forth in a proposed protective order, the defendant requests an additional condition that plaintiff's counsel notify defense counsel via email within 24 hours of each *ex parte* communication.  The plaintiff does not object to this last condition.

The plaintiff's motion to conduct *ex parte* interviews with Mosher and Petersen is granted as set forth herein.  Counsel are instructed to draft a notice to provide to the prospective witnesses.[2]

Additional comments are in order.  The court heard oral argument on the plaintiff's motion.  During oral argument,

---

privileged, including any discussions that are barred by the confidentiality agreements into which they have entered;

(4) Plaintiff's counsel shall not make any efforts to induce or listen to any privileged communications;

(5) If defendants are able to point to specific instances of ethical violations or questionable ethical behavior by plaintiff's counsel with regard to the *ex parte* interviews of their former employees, they may file a motion to discontinue such interviews; and

(6) If any *ex parte* statements made by former employees impute liability to defendants, defendants may move at trial, or in motions in limine, to preclude the admission of such statements.

<u>Id.</u> at *4.

[2]Some of counsel's comments during oral argument suggested that the witnesses are required to submit to these interviews. Such is not the case.  The notice must advise the witnesses that the proposed *ex parte* interviews are voluntary and that the witnesses may decline to be interviewed.

plaintiff's counsel disclosed that he already had communications with Mosher, one of the former employees identified in his motion. Despite his motion seeking court permission to engage in *ex parte* communication with Mosher, plaintiff's counsel did not wait for the court's ruling.  He explained at oral argument that he was "desperate" to find former Vice President Khilnani and asked Mosher about Khilnani's whereabouts. (The complaint alleges that Khilnani and Mosher were at one time involved in a romantic relationship. Doc. #92, Second Amended Compl. ¶9.)  When Mosher said she could find Khilnani, plaintiff's counsel asked Mosher to serve Khilnani with a subpoena for a deposition and for documents.  Mosher agreed, dutifully handing Khilnani the subpoena in "pit one" of the Mohegan Sun casino.[3]  Khilnani responded by calling the police to complain about harassment and stalking.  Mosher was told to leave the casino.

     This was not the only contact plaintiff's counsel had with Mosher during the pendency of his motion.  Plaintiff's counsel also sent Mosher the defendant's discovery responses and asked for her "thoughts," which she provided.

     The conduct of plaintiff's counsel is, at a minimum, disconcerting.  Clearly counsel believed he needed permission from the court before communicating with defendant's former employees.

---

     [3]At the time Mosher served Khilnani, the date of the deposition had passed.

Notwithstanding, he went ahead to engage Mosher not only in multiple communications but also apparently in litigation strategy. On this record, the defendant's request that certain conditions be imposed regarding *ex parte* communications with the witnesses is warranted.

B.    Plaintiff's motion to compel (Doc. #77)

The plaintiff seeks to compel the defendant to respond to interrogatory 2. The plaintiff also seeks an award of fees and costs incurred in making the motion.

There is some background to Interrogatory 2. In October 2012, the plaintiff served 59 Requests for Admission. The defendant objected but provided responses and, later, served supplemental objections and responses. The plaintiff has not argued that the defendant's responses to the requests for admission are deficient. Even so, the plaintiff thereafter propounded interrogatory 2, which asks the defendant to "describe all the facts which support defendant's denial of any request for admission . . . ."

The defendant objects to this interrogatory on a number of grounds. The defendant argues that the phrases "all the facts" and "denial of any request for admission" are ambiguous and vague and that the interrogatory is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. The defendant further states that it "does not know with any specificity which denials the plaintiff is

6

referring to in this interrogatory" and points out that although it "explicitly denied certain requests for admission, other responses included qualified admissions."    By defendant's count, interrogatory 2 could apply to 46 requests for admission that the defendant denied or partially denied and as a result, "attempts to circumvent Fed. R. Civ. P. 33's limit of 25 interrogatories."

The court begins by considering the purpose of requests for admission.  Fed. R. Civ. P. 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Rule 36's function "is to define and limit matters in controversy between the parties."  8B Wright & Miller, Federal Practice and Procedure § 2252 at p. 321 (3rd ed. 2010).  "The rule is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry."  Id. at p. 322.  "[R]equests for admission are used to establish admission of facts about which there is no real dispute." 7 Moore's Federal Practice § 36.02 (3rd ed. 2012).

> Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties' unambiguously agree. The fact is that

7

> parties in litigation conflict. They believe different
> things and they have different interpretations of both
> words and events. The party that proffers the requests
> must recognize that its opponent may read those words
> differently.

Russo v. Baxter Healthcare Corp., 51 F. Supp.2d 70, 79 (D.R.I. 1999).

In Safeco of America v. Rawstron, 181 F.R.D. 441 (C.D. Cal. 1998), in a matter of first impression, the court considered whether an interrogatory that asks for the basis for the denial of a series of requests for admission should be counted as a single interrogatory or multiple interrogatories when applying the numerical limit contained in Rule 33(a). In resolving the issue, the court considered the nature and purpose of requests for admission. The court held that "an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." Rawstron, 181 F.R.D. at 446.

This approach has been widely adopted. See, e.g., Billings v. Conseco Health Ins. Co., No. CIV-10-372-M, 2011 WL 6152029, at *3 (W.D. Ok. 2011) (where interrogatory sought factual basis for any denial or partial denial of request for admission, it "should be construed as containing a discrete subpart for each request for admission" which resulted in the plaintiff exceeding the 25

8

interrogatory limit); <u>Jovanovich v. Redden Marine Supply, Inc.</u>, No. C10-924-RSM, 2011 WL 4459171, at *2 (W.D. Wash. 2011) ("agree[ing] with the reasoning of <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441 (C.D.Cal. 1998)" and determining that interrogatory that asked plaintiff to explain the basis for any answer to the requests for admission that was not an unqualified admission "effectively constituted 37 interrogatories," exceeding the number of interrogatories permitted to be served under Rule 33); <u>Wildearth Guardians v. Public Service Co. of Colorado</u>, No. 09cv01862(ZLW)(MEH), 2010 WL 5464313 (D. Colo. 2010)(court struck interrogatory seeking facts supporting plaintiff's more than 100 denials or partial denials to the requests for admission on the grounds that the interrogatory exceeds the interrogatory limit); <u>Dang v. Cross</u>, No. CV 00 13001 GAF(RZX), 2002 WL 432197 (C.D. Cal. 2002)("Rule 33 does not prohibit interrogatories which reference requests for admissions; however, 'an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set.")

Following <u>Safeco of America v. Rawstron</u> and its progeny, plaintiff's interrogatory 2 runs afoul of the authorized number of

interrogatories of Fed. R. Civ. P. 33.[4]  The plaintiff's motion to compel is denied.  To the extent that any of defendant's denials of the requests for admission give rise to further legitimate inquiry by the plaintiff, the plaintiff may pursue that inquiry either through specific supplemental interrogatories (within the limit) or by taking depositions.

The defendant requests that it be awarded its reasonable attorneys' fees and costs incurred in responding to the plaintiff's motion to compel.  If a motion to compel discovery is denied, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).  Neither exception applies.  The defendant's request is granted.[5]

---

[4]In addition, the interrogatory is problematic in other respects.  For instance, request for admission 1 asked the defendant to admit "plaintiff used defendant's internal complaint procedure to complain about discrimination and/or harassment."  The defendant denied that the plaintiff had done so.  Notwithstanding, the interrogatory asks the defendant to "describe all the facts which support defendant's denial . . . ."  Other requests present the same problem.  In defendant's words, plaintiff asks it to "prove a negative," that is, to supply facts to show that something did not happen.

[5]Counsel are encouraged to come to agreement as to the amount of fees.  If they cannot, at the conclusion of the case, the

C.    <u>Conclusion</u>

For these reasons, the plaintiff's "motion for court approval to conduct *ex parte* interviews" (doc. #48) is granted in part and denied in part and the plaintiff's motion to compel (doc. #77) is denied.

SO ORDERED at Hartford, Connecticut this 20th day of November, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

_____

defendant may submit an affidavit and ask the court to determine the amount of attorney's fees and costs to be awarded in connection with this motion.