UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIANE SALIGA,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO.  3:12cv832(RNC)
                                 :
CHEMTURA CORPORATION,            :
                                 :
     Defendant.                  :

RULING ON PLAINTIFF'S MOTION

In June 2012, the plaintiff commenced this action against her former employer alleging discrimination based on her race, gender and religion.  The plaintiff has filed seven discovery motions.[1] The parties have been unable to resolve their discovery disputes without judicial intervention, necessitating a wasteful expense of time, energy and resources by counsel and the court.  Now pending before the court is the plaintiff's voluminous[2] "revised motion to compel discovery."  (Doc. #55.) This particular motion consists of a staggering number of discovery requests - 71 - in dispute.[3]

---

[1]See doc. ##38, 41, 48, 55, 77, 89 and 98.

[2]At 50 pages, the plaintiff's motion exceeds the 40 page limit permitted by the court.  See D. Conn. L. Civ. R. 7(a)(2).

[3]Much of this dispute arises from the defendant's assertion of several objections followed by its statement that without waiving the objections, it produced non-privileged documents (which it identified by Bates numbers) or that no responsive documents exist. The plaintiff argues that the defendant's objections are "meritless" and that she cannot ascertain if the defendant is "withholding responsive documents because of the objections asserted."  The plaintiff insists on a ruling on each of the requests.  The proposed rule change to Rule 34 endeavors to address this situation.  To avoid any ambiguity as to whether documents are being withheld pursuant to objection, the proposed amendment to

After considering the arguments of counsel in their papers and during oral argument, the court rules as follows:

A.    Preliminary topics

Redacted emails: The plaintiff complains that the defendant did not provide certain emails in unredacted form.  The motion to compel as to this item is granted.  The defendant has no objection and stated that it will produce these emails in unredacted form as part of its ESI production.

Instant messages:  The plaintiff next complains that the defendant "intentionally failed to produce Instant Messaging documents that are known to exist."   The motion to compel is granted.   The defendant has no objection but stated both in its opposition and during oral argument that it does not retain instant messages and therefore has no responsive documents.

Improper Assertion of Attorney Client Privilege:   The plaintiff asserts that a document listed on the defendant's privilege log[4] is not privileged.   "The burden of establishing the existence of an

---

Rule 34(b)(2)(C) requires that an objection "state whether any responsive materials are being withheld on the basis of that objection."  According to the Committee Note, "[t]his amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." www.uscourts.gov/RulesAndPolicies/rules/proposed-amendments.aspx.

[4]"Christine Peterson" is the author/sender of the contested document, which consists of "[h]andwritten notes requesting and discussing legal advice following meeting with David Horowitz."

attorney-client privilege, in all of its elements, rests with the party asserting it." Bolorin v. Borrino, 248 F.R.D. 93, 95 (D. Conn. 2008).  After in camera review of the contested document, additional information is needed.  Defense counsel shall submit evidence, by way of affidavit, setting forth the context and description of the discussion documented in the handwritten notes and providing sufficient detail to permit a judgment as to whether the document is protected from disclosure.  See Favors v. Cuomo, 285 F.R.D. 187, 221 (E.D.N.Y. 2012); Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (among alternatives available to the court is the utilization of evidentiary submissions to fill in gaps).

B.   Interrogatories[5]

1.   Interrogatory 2 is granted.

2.   Interrogatory 3: During oral argument, plaintiff clarified this request to seek a summary of nonprivileged factual information/knowledge possessed by the individuals identified in interrogatory 2.  So clarified, the defendant withdrew its objection and the motion to compel is granted.

3.   Interrogatory 6: The plaintiff modified this request to seek for each individual who assumed some part of the plaintiff's job

_____

[5]To the extent that the plaintiff includes a request for documents in addition to written response, such a request is improper. Fed. R. Civ. P. 34 is the procedural vehicle by which to request production of documents.

responsibilities, the specific responsibilities each employee assumed, when the employee assumed the responsibilities, the employee's compensation, and work experience[6]. As modified, the request is granted.

4.   Interrogatory 7 is withdrawn at the request of the moving party.

5.   Interrogatory 8 is granted.

6.   Interrogatory 9 is granted insofar as the defendant is required to amplify, with greater specificity, its decision to terminate the plaintiff.

7.   Interrogatory 10 is granted absent objection.

8.   Interrogatory 11 is granted in part and denied in part. The plaintiff's request for business email addresses is denied as moot as the defendant has provided this information to the plaintiff. The plaintiff's request for the personal email address of the defendant's current and former employees is denied. See Kelly v. Signet Star Re, LLC, No. 3:10 CV 551(CSH)(JGM), 2011 WL 121915, at *2 (D. Conn. Jan. 13, 2011).

C.   Production Requests

9.   Request 1 is granted absent objection.

10.  Request 2 is denied as overbroad.

11.  Request 3: The plaintiff modified her request to seek any

---

[6]Plaintiff withdraws her request for the defendant to identify the employee's age.

manual directed at supervisors that instructs them concerning performance improvement plans.  As modified, the defendant has no objection.  The request is granted.

12.  Request 4: The plaintiff modified her request to seek the practices and policies at the facility where the plaintiff worked during her tenure to the present.  As modified, the defendant has no objection.  The request is granted.

13.  Request 5 is granted absent objection.  The defendant provided the plaintiff's personnel file and states that there is no "side file."

14.  Requests 6 and 7 seek the entirety of Khilnani and Jagtiani's personnel files.  The defendant objects on the grounds that the request is overly broad.  The court agrees.  The requests are granted as to information about their performance, the plaintiff, claims of race, sex or religious discrimination or harassment and, as to Khilnani, any information as to the reason she is no longer employed.

15.  Requests 8 and 61 are discussed in the court's ruling on the plaintiff's motion to compel ESI discovery.  See doc. #118.

16.  Request 9: The plaintiff modified her request to seek any nonprivileged documents concerning the defendant's investigation, if any, of the plaintiff's claim of discrimination. As modified, the request is granted.

17.  Request 10 is granted absent objection.

18.  Request 11 is granted absent objection insofar as the defendant shall produce any documents given to the EEOC or CHRO. The defendant need not produce documents it already served on counsel during the administrative process.

19.  Request 62 is withdrawn by the moving party.

20.  Requests 14 - 59 are granted in part and denied in part.  The requests seek "all documents concerning, relating, regarding the allegations set forth" in ¶¶8 - 53 of the First Amended Complaint. The defendant objected on several grounds, including that the request was overbroad, ambiguous and vague.  To the extent that the allegations mention a writing or an incident that was documented, the production requests are granted.  To the extent that the requests seek documents "concerning, relating, [or] regarding" the allegations, the defendants' objection is sustained and the motion to compel is denied.

21.  Request 63: The plaintiff modified the request to seek from the personnel files of Mosher Baccar, Denise Mosher, Andrew DiSalvo, Allen Downes and Akhilesha Saxena any performance reviews, compensation, complaints of discrimination and retaliation, discipline and reprimands, grievances they made to human resources and information as to how they were subsequently treated, including any subsequent discipline.[7]  As modified, the request is granted.

---

[7]The plaintiff also listed Khilani and Jagiata but those individuals are addressed in requests 6 and 7.

22.  Request 64 is granted to the extent that the plaintiff seeks statements that are not protected by the attorney-client privilege or work product doctrine.  It is denied as to the second sentence of the request.

23.  Requests 65, 67 & 68: The plaintiff modified the requests to seek employee complaints, administration actions and lawsuits alleging race, sex, and religious discrimination, harassment and retaliation made from 2009 through October 2012 in the defendant's Middlebury, Connecticut location. As modified, the requests are granted.

D.   Conclusion

As stated above, the plaintiff's motion to compel (doc. #55) is granted in part and denied in part.  The plaintiff and the defendant both request fees and costs.  The requests are denied. See Fed. R. Civ. P. 37(a)(5)(C) (where a motion to compel is granted in part and denied in part, court has discretion to apportion fees).  In this case, each party should bear its respective motion costs and fees.  See MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS, Real Estate Securities Inc., No. 12 Civ. 7322(HB)(JCF), 2013 WL 5437354, at *2 (S.D.N.Y. Sept. 27, 2013) ("when motion is granted in part and denied in part, award of expenses is discretionary"); Pegoraro v. Marrero, 281 F.R.D. 122, 134 (S.D.N.Y. 2012)(finding that "apportioning reasonable expenses in connection with making the motion is not warranted" under the circumstances); Safespan Platform Systems, Inc. v. EZ Access, Inc.,

No. 06CV726A, 2011 WL 7473467, at *5 (W.D.N.Y. Dec. 30, 2011("Given the mixed result of defendants' motion . . . this Court may apportion reasonable motion expenses under Rule 37(a)(5)(C) and finds that both sides should bear their own respective costs.")

SO ORDERED at Hartford, Connecticut this 26th day of November, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge