UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIANE SALIGA,                          :
                                       :
        Plaintiff,                     :
                                       :
        v.                             :      CASE NO.  3:12cv832(RNC)
                                       :
CHEMTURA CORPORATION,                  :
                                       :
        Defendant.                     :

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL</u>

Pending before the court is the plaintiff's "expedited motion to compel the deposition of Jogita Khilani." (Doc. #136.) The court heard oral argument on April 30, 2014.

The plaintiff was terminated in October 2011 and commenced this action alleging employment discrimination in 2012. At the time of the plaintiff's employment, Jogita Khilani ("Khilani"), the witness at issue in the pending motion, was the Vice President of Internal Audit and the plaintiff's supervisor. Khilani left her employment with the defendant in April 2013. The plaintiff now requests that the court "compel Ms. Khilani's deposition at a Rule 30 deposition." The plaintiff argues that Khilani is a "managing agent" of the defendant and that she should be compelled to give testimony and produce documents pursuant to a Rule 30 notice of deposition. The defendant disputes that Khilani is a managing agent. To the contrary, defendant argues, Khilani is a former employee over whom it has no control.

"Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate

party may be compelled to give testimony pursuant to a notice of deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. . . . Such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure . . . ." Schindler Elevator Corp. v. Otis Elevator Co., No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007)(citations omitted). "The test for a managing agent is not formulaic. . . . Rather, the question of whether a person is a managing agent, and therefore subject to a notice of deposition, is answered pragmatically and on a fact-specific basis." Id.  Courts in this district generally consider five factors in determining whether an individual is a managing agent:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

Id.  "As a general matter, a corporation cannot be required to produce a former officer or agent for deposition since it does not have control over him." Boss Manufacturing Co. v. Hugo Boss AG,

2

No. 97 Civ. 8495(SHS)(MHD), 1999 WL 20828, at *2 (S.D.N.Y. Jan. 13, 1999).  The plaintiff, as the examining party, "bears the burden of establishing the status of the witness." Schindler Elevator Corp., 2007 WL 1771509, at *3.

The plaintiff argues that the fact that Khilani is no longer employed by the defendant is not dispositive and cites as support Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930(RMB)(THK), 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002).  The Dubai court acknowledged that "typically a corporation cannot be required to produce a former officer or agent for deposition" but noted that the "rule is not woodenly applied. Rather, courts within and without this district have adopted a 'practical' approach 'that focuses not only on the formal connection between the witness and the party at the time of the deposition, but also on their functional relationships.'"  Id.  Considerations include the relationship such an individual maintained with the corporation and whether the person's interests are consonant with rather than adverse to the corporation's interests.  Id. at *4.

The record does not support a conclusion that Khilani is a "managing agent."  There is no evidence that either during her employment or after that Khilani had "general powers" which allowed her to exercise "judgment and discretion in corporate matters." According to defendant, Khilani worked in the internal audit department to ensure that the defendant complied with federal

securities law and reported her findings to the defendant's management team. She was neither a member of the management team nor the Board of Directors. Moreover, there is no evidence that Khilani has any type of ongoing relationship with the defendant or that she will identify with the interests of the defendant. See United States v. Afram Lines, 159 F.R.D. 408, 414 (S.D.N.Y. 1994)(refusing to require deposition by notice where "the proposed deponent is not an employee of the opponent and may, in fact, be beyond its control," and where allowing deposition by notice would result in "not merely the waiver of formal subpoena procedures," but also sanctions on the opponent "for failing to produce witnesses who are in fact beyond its control").

Because Khilani is not a managing agent of the defendant who is subject to deposition by notice, the plaintiff's motion to compel is denied. The defendant's request for attorney's fees incurred in the filing of its opposition is denied.

SO ORDERED at Hartford, Connecticut this 2nd day of May, 2014.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge