```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

DIANE SALIGA,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO.  3:12cv832(VAB)
                                 :
CHEMTURA CORPORATION,            :
                                 :
     Defendant.                  :
```

## RULING ON PLAINTIFF'S MOTION

The plaintiff complains of employment discrimination.  She alleges that after working for the defendant for a year, she was fired on account of her race (white), gender (female) and religion ("Catholic/Christian").  Pending before the court is the plaintiff's "Motion to Compel and Requesting an in camera Review of Documents Contained in Defendant's Privilege Log."  (Doc. #149.)  The motion is denied.

Discovery in this case has been unnecessarily protracted, contentious and costly.  Numerous discovery motions[1] and hundreds of pages of briefs have been filed.  There have been twenty motions for extension of time and the case management deadlines have been extended no less than five times.  The discovery period ultimately spanned some 16 months.  This motion comes at the tail end of discovery.

During discovery, the defendant conducted a search of its

---

[1] The plaintiff filed nine discovery motions: doc. ##38, 41, 48, 55, 77, 89, 98, 136, and 149.

electronically stored information (ESI).  Between February and March 2014, the defendant produced almost 40,000 emails and attachments in native format.[2]  In April, it served a supplemental privilege log.[3]  On April 18, 2014, plaintiff sent a terse email to defendant saying that she had "serious questions" about the privilege log.  (Doc. #152, Ex. A.)  Defendant replied the same day and asked plaintiff to identify the documents at issue "so that we can review them before our discussion."  (Id.)  Plaintiff did not respond.  Instead, on the afternoon of April 23, 2014, plaintiff dispatched a brief "Local Rule 37 Letter Regarding Defendant's Privilege Log" listing 36 entries on the log that she disputed.  She said, among other things, that "[d]ocuments claimed to be privileged that are part of email strings or chains are not privileged" and "[t]here are a number of communications/documents where there are many recipients to the communication.  These communications are both unclear and conceivably non-privileged."  Plaintiff gave defendant a short deadline to respond: I "require . . . resolution of this matter" by noon the next day "so that Plaintiff can file a motion for in camera review."  (Doc. #150-1,

---

[2]Typifying the discovery phase of this case, the parties resorted to litigation over the format in which emails were produced.  Plaintiff requested, and was granted, production in native format.  Notwithstanding, as the court observed in its ruling, production in TIFF ("Tagged Image File Format") is the most common choice.  (Doc. #118 at 4.)

[3]The defendant previously produced privilege logs in December 2012 and January 2013. (Doc. #150.)

Ex. D.)

Within a few hours, at 6:51 p.m., defendant sent a responsive email addressing the issues raised by the plaintiff and inviting further discussion. (Doc. #152, Ex. B.) The next day, April 24, 2014, defense counsel repeated that he was available if plaintiff wanted to talk. (Doc. #152, Ex. C.) Again, the next day, on April 25, 2014 at 4:25 p.m., the defendant sent still another email further explaining the entries cited by plaintiff. (Doc. #152, Ex. D.) Ten minutes later, without responding to defendant, the plaintiff filed the instant motion.

The Federal Rules of Civil Procedure and this court's Local Rules require a party seeking to compel discovery to confer in good faith with the opposing party before seeking court intervention.[4] Fed. R. Civ. P. 37 requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). See D. Conn. L. Civ. R. 37(a)("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of

---

[4]Plaintiff's counsel was reminded of this obligation early in the case when other motions to compel were denied for failure to comply with the rule. See doc. #46.

controversy . . . .") "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible." <u>Excess Ins. Co. v. Rochdale Ins. Co.</u>, 05 Civ. 10174(RWS), 2007 WL 2900217 at *1 (S.D.N.Y. Oct. 4, 2007). To achieve this end, the meet-and-confer obligation requires that the parties:

> meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.

<u>Brown v. Clayton</u>, No. 3:11CV714(JCH)(HBF), 2013 WL 1409884, at *2 (D. Conn. Apr. 8, 2013). In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." <u>Nevada Power v. Monsanto</u>, 151 F.R.D. 118, 120 (D. Nev. 1993).

The plaintiff's cursory communications fall short of meeting her obligation to meet and confer. Her effort was perfunctory. Counsel never had any meaningful dialogue. Although there was an exchange of emails, the substance of the correspondence demonstrates that the plaintiff made no genuine, good faith effort to narrow and/or resolve the discovery dispute before seeking judicial intervention. Failure to meet and confer is a "sufficient basis for denying the motion to compel." <u>Brown</u>, 2013 WL 1409884,

at *2.  On that basis, the motion to compel is denied.

The defendant requests that it be awarded its reasonable attorneys' fees and costs incurred in responding to the plaintiff's motion to compel.  If a motion to compel discovery is denied,

> the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).  Neither exception applies.  The defendant is entitled to reasonable attorney's fees from the plaintiff's attorney.[5]

SO ORDERED at Hartford, Connecticut this 26th day of February, 2015.

```
           /s/
        Donna F. Martinez
        United States Magistrate Judge
```

---

[5]Counsel are encouraged to come to agreement as to the amount of fees.  If they cannot, the defendant may submit an affidavit or other documentation supporting its requested attorney's fees and costs.