```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

DIANE SALIGA,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO.   3:12cv832(VAB)
                                 :
CHEMTURA CORPORATION,            :
                                 :
     Defendant.                  :

                         RULING AND ORDER

The plaintiff brought this employment discrimination against her former employer. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the court awarded defendant costs and attorney's fees incurred in opposing two unsuccessful motions to compel filed by the plaintiff. (Doc. ##115, 177.) The court ordered defendant to file an affidavit of its fees and costs, now before the court. (Doc. #187.) The plaintiff objects to the defendant's requested fees. (Doc. #190.)

I.  Fees incurred by defendant in opposing plaintiff's motion to compel (doc. #77)

The plaintiff filed a motion to compel the defendant to respond to an interrogatory that asked the defendant to "describe all the facts which support defendant's denial of any request for admission . . . ." (Doc. #77.) The interrogatory applied to more than 40 requests for admission that the defendant denied or partially denied.[1] The defendant objected to the plaintiff's

---

[1] Plaintiff did not argue that defendant's responses to the requests for admission were deficient.

motion on the grounds that, among other reasons, the interrogatory attempted to circumvent Rule 33's limit of 25 interrogatories. (Doc. #84.)  The defendant requested that the court deny plaintiff's motion and award defendant its fees and costs incurred in responding to the motion.

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, the court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

An award of expenses under Rule 37(a)(5)(B) is "mandatory" unless an exception is met. Pegoraro v. Marrero, No. 10 CIV. 00051(AJN)(KN), 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012). "The presumption in favor of imposing expense shifting sanctions against a party who unsuccessfully litigates a motion to compel reflects the importance of using monetary sanctions to deter abusive or otherwise unjustifiable resort to the judiciary in the discovery process."  7 James Wm. Moore et al., Moore's Federal Practice ¶ 37.23[1] (3rd ed. 2015).  The sanctions provision of Rule 37(a)(5) was intended "to reduce the burden on the courts" by deterring the "making [of] unjustified motions for discovery . . . ."  8B Charles A. Wright et al., Federal Practice and Procedure

2

§ 2288 at 514 (3rd ed. 2010).  The rule "place[s] directly on attorneys a somewhat unique sanction to refrain from the frivolous, to weigh carefully considerations of relevancy and privilege, and to advise in accordance with their best judgment."  Id. at 522.

The court determined that plaintiff's interrogatory ran "afoul of the authorized number of interrogatories of Fed. R. Civ. P. 33" and denied the motion to compel.  (Doc. #115 at 9-10.)  After determining that the exceptions enumerated in Rule 37(a)(5)(B) did not apply, the court awarded defendant its fees.[2]  (Doc. #115 at 10.)  The court "encouraged" counsel "to come an agreement as to the amount of fees" and instructed that "[i]f they cannot, at the conclusion of the case, the defendant may submit an affidavit and ask the court to determine the amount of attorney's fees and costs to be awarded in connection with [its] motion."  (Doc. #115 at 11.)

Counsel were unable to reach an agreement.  As a result, after the case was closed,[3] the defendant filed the instant affidavit. (Doc. #187.)

The defendant was represented by Attorney Stephen Aronson, a partner at Robinson+Cole and Attorney Ian Clarke-Fisher, an associate.  Defense counsel expended 13.8 hours reviewing, researching and drafting the opposition to the motion to compel and

---

[2]The court's order did not specify against whom - the plaintiff, her attorney or both - the fees were imposed.

[3]The court granted summary judgment in favor of the defendant and closed the case.  (Doc. ##185, 186.)

5.4 hours preparing for and attending oral argument.  The defendant seeks $4839.90 in attorney's fees and costs incurred in opposing the plaintiff's unsuccessful motion to compel:

```
Attorney Clarke-Fisher    15.9 hrs @ $211 =    $3354.90
Attorney Aronson           3.3 hrs @ $450 =    $1485
                          _____             _____
                          19.2                 $4839.90
```

Plaintiff objects.  She attaches an affidavit that she "do[es] not have the financial ability to pay" defendant its requested fees.  (Doc. #190, Saliga Aff. ¶4.)

The plaintiff's objection is unavailing.  Plainly these fees fall on plaintiff's counsel, as opposed to plaintiff.  The decision to file the offending motion was made by counsel in an independent exercise of his professional judgment.  See Ransmeier v. Mariani, 718 F.3d 64, 71 (2d Cir. 2013) (holding that "[t]he rule that the sins of the lawyer are visited on the client does not apply in the context of sanctions" and a client should not be punished when an attorney exercises litigation responsibility unwisely.)[4]

Plaintiff also argues that the defendant has not demonstrated

---

[4] Even if the sanction had been imposed against the client, it is well established that a party's indigence does not excuse payment of such an award   See, e.g., Garity v. Donahoe, No. 2:11CV1805-MMD, 2014 WL 1168913, at *5 (D. Nev. Mar. 21, 2014) ("financial indigence by itself does not necessarily make an award of [Rule 37(a)] expenses unjust")(citing cases); Oliphant v. Armstrong, No. 3:02CV947(PCD), 2006 WL 273593, at *1 (D. Conn. Feb. 2, 2006) ("indigency does not relieve a litigant from complying with an order imposing sanctions"); Record Data of Md., Inc., 102 F.R.D. 518, 520-21 (D. Md. 1984) (plaintiff's indigency did not excuse her from liability for costs and fees for failure to attend properly noticed deposition).

that its fees are reasonable.

The district court has "wide discretion in determining an appropriate fee award." Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 167 (2d Cir. 2014). Courts evaluating a request for attorneys' fees "perform[] a lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate." Kroshnyi v. U.S. Pack Courier Servs, Inc., 771 F.3d 93, 108 (2d Cir. 2014). "Both [the Second Circuit] and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

"In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Clark v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992). "[D]etermination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 59 (2d Cir. 2012)(quoting Farbotki v. Clinton Cnty, 433 F.3d 204, 209 (2d Cir.

5

2005)).

The defendant seeks reimbursement for 15.9 hours expended by Attorney Clarke-Fisher and 3.3 hours expended by Attorney Aronson in opposing the motion to compel.  Upon careful review of the record, the court finds the time billed to be reasonable, with the exception of time associated with oral argument.  During oral argument, counsel argued another motion in addition to the instant motion to compel.  For that reason, the court reduces by half the time defense counsel billed for preparing for and attending oral argument.[5]  The court finds reasonable an award of 14.15 hours for Attorney Clarke-Fisher and 2.35 hours for Attorney Aronson.

Defendant requests a billing rate of $211/hr for Attorney Clarke-Fisher and $450/hr for Attorney Aronson.  The court finds the requested rates to be reasonable.

The defendant is awarded $4043.15 in attorney's fees incurred in responding to plaintiff's motion to compel:

```
Attorney Clarke-Fisher   14.15 hrs @ $211 = $2985.65
Attorney Aronson          2.35 hrs @ $450 = $1057.50
                                            _____
                                            $4043.15
```

II. <u>Fees incurred by defendant in opposing plaintiff's motion to compel (doc. #149)</u>

The court also awarded defendant its fees in connection with

---

[5]Attorney Clarke-Fisher expended 3.5 hours and Attorney Aronson expended 1.9 hours preparing for and attending oral argument. Attorney Clarke-Fisher's time is reduced to 1.75 hours and Attorney Aronson's time is reduced to .95 hours for this work.

a subsequent motion to compel (doc. #140) filed by plaintiff. The defendant objected to that motion on a number of grounds including that the plaintiff had failed to meet and confer in a good faith effort to resolve the dispute. The defendant requested that the court deny plaintiff's motion and award defendant its fees and costs pursuant to Rule 37. (Doc. #152.) The court denied the plaintiff's motion to compel. (Doc. #177.) Again the court concluded that the exceptions enumerated in Rule 37(a)(5)(B) did not apply. The court determined that defendant was "entitled to reasonable attorney's fees from the plaintiff's attorney." (Doc. #177 at 5.)

Attorneys Aronson and Clarke-Fisher expended 8.4 hours reviewing and drafting the opposition to the motion to compel. The defendant seeks an award of $2226.50 in attorney's fees incurred in opposing the plaintiff's unsuccessful motion to compel:

```
Attorney Clarke-Fisher    6.5 hrs @ $211 = $1371.50
Attorney Aronson          1.9 hrs @ $450 =  $855
                                           _____
                                           $2226.50
```

Upon a careful review of the record, the court concludes that the requested fee award of $2226.50 is reasonable.

III. Conclusion

For these reasons, the defendant is awarded $6269.65 pursuant to Rule 37.

This is not a recommended ruling, but a ruling on a non-dispositive motion, which is reviewable pursuant to the

"clearly erroneous" statutory standard of review. See 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Rule 72.2 of the Local Rules for United States Magistrate Judges. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990)(Rule 37 monetary sanctions "are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard"). As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection. See 28 U.S.C. § 636(b) (written objections to ruling must be filed within fourteen calendar days after service of same); Fed. R. Civ. P. 72; Rule 72.2 of the Local Rules for United States Magistrate Judges; Small v. Secretary, H & HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

SO ORDERED at Hartford, Connecticut this 1st day of June, 2016.

                                              _____/s/_____
                                              Donna F. Martinez
                                              United States Magistrate Judge